Stephen J. Thomas (Bar No. 120751)
Thomas Business Law Group, PC
17800 Castleton Street, Suite 657
City of Industry, CA 91748
Telephone: (626) 771-1005
Facsimile: (626) 628-1905
sjt@corporatefirm.com
*Attorneys for Plaintiffs*

Goldy M. Berger, Esq. (Bar No. 219183)
Law Offices of Goldy M. Berger
5655 Lindero Canyon Road, Suite 521-12
Westlake Village, CA 91362
Telephone: (818) 597-7755
goldy@corporatefirm.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIKA NEWSOM AND BRADLEY NEWSOM,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, a Delaware Corporation, and BAC Home Loan services, an unknown entity,<br><br>Defendants. | Case No. ED CV12-01935-VAP(OPx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT (SAC) AND REQUEST FOR PUNITIVE DAMAGES** |

**I.**

**Rebuttal to Defendants' Argument**

**A.     The Loan Modification Offered by Defendants Was Substantively Different Than What Was Represented to Plaintiffs.**

Even though defendants made a written offer to plaintiffs for the modification of their loan, the terms in said offer were dramatically different than what had been promised to them in previous telephone conversations with defendants' employees/agents. Plaintiffs were induced to stop payment on their existing loan and allow it to become delinquent based directly on the fraudulent, and or negligent misrepresentations made by defendants. *SAC* pg. 6 ¶ 29. There was no other compelling reason for the plaintiffs to allow what had been a "current" loan "in good standing" go into default if not for the actions by defendants which led plaintiffs to rely to their own detriment on such misrepresentations. This fraudulent and unfair business practice is the heart of plaintiffs' various causes of action.

**B.  Punitive Damages are Appropriate in Cases involving Fraud, Oppression, or Malice.**

Here, plaintiffs have alleged that defendants acted with fraud in allowing plaintiffs to rely on defendants' misrepresentations regarding the suitability, viability, terms, and conditions, of a permanent loan modification to plaintiff's original loan. Plaintiffs have further alleged that defendants knowingly induced and allowed plaintiffs to stop making payments on their loan, and to allow it to become delinquent while at the same time pursuing default and foreclosure proceedings against plaintiffs for the very same actions defendants encouraged and assisted them to undertake. These allegations demonstrate the malicious and oppressive intent of the defendants, and therefore, an award of punitive damages is appropriate. *Grieves v. Superior Court,* 157 Cal. App. 3d 159, 203 (1984).

## II.
### Grounds for Denial of the Motion to Dismiss.

**C.    Standard of Review for Demurrer (Motion to Dismiss).**

"A demurrer can be used only to challenge defects that appear on the face of the pleading under attack; or from matters outside the pleading that are judicially noticeable." Blank v. Kirwan (1985) 39 C3d 311, 318, 216 CR 718, 721; Donabedian v. Mercury Ins. Co. (2004) 116 CA4th 968, 994, 11 CR3d 45, 64. "No other extrinsic evidence can be considered (i.e., no 'speaking demurrers'). [Ion Equip. Corp. v. Nelson (1980) 110 CA3d 868, 881, 168 CR 361, 367—error for court to consider facts asserted in memorandum supporting demurrer; Afuso v. United States Fid. & Guar. Co., Inc. (1985) 169 CA3d 859, 862, 215 CR 490, 492 (disapproved on other grounds in

Moradi-Shalal v. Fireman's Fund Ins. Cos. (1988) 46 C3d 287, 250 CR 116)—error for court to consider contents of release which was not part of any court record]"

The Court should deny defendants' Motion to Dismiss because on the face of the pleadings, the Second Amended Complaint contains allegations which are sufficient to hold the defendants liable for the conduct alleged.

**D.      Plaintiffs Have Stated Facts Sufficient to Support Their Cause of Action for Breach of Contract (First Cause of Action).**

Plaintiffs' First Cause of Action alleges a breach of contract:

> "ESSENTIAL ELEMENTS OF CONTRACT. It is essential to the existence of a contract that there should be:
>
>> 1. Parties capable of contracting;
>>
>> 2. Their consent;
>>
>> 3. A lawful object; and,
>>
>> 4. A sufficient cause or consideration."
>
> West's Ann.Cal.Civ.Code § 1550

Plaintiffs' Second Amended Complaint clearly meets these requirements. It alleges:

> "20.    On May 31, 2011, defendants sent a trial loan modification program to plaintiffs to pay $1,227.42 for three months (June, July & August) and expressly promised that the mortgage would be permanently modified once all payments were made."

> "31.    [D]efendants entered into a written contract with plaintiffs. The contract obligated defendants to modify plaintiffs' loan. A true and correct copy of the Agreement is attached as Exhibit 1 and incorporated by reference at this point. The Agreement states on page 1, line 22, that '*after all trial period payments are timely made, your mortgage will be permanently modified.*' "

"32.   Plaintiffs timely made all trial payments pursuant to the terms of the Agreement."

"33.   Defendants breached their Agreement with plaintiffs by failing to provide a permanent loan modification to plaintiffs."

Plaintiffs have alleged that on multiple occasions, defendants orally agreed that plaintiffs' modification would be granted. Defendants breached their contract with plaintiffs by failing to modify the loan as agreed thereby causing damages. Plaintiffs allege that there was an oral and written agreement between the parties to modify plaintiffs' loan with Bank of America, et al. *SAC* pg. 6 ¶ 31.  Defendants' failure to provide the loan modification constitutes a material breach of this agreement. A contract was created and plaintiffs paid for a service that was not provided.  As a result, Plaintiffs have properly pleaded a cause of action for Breach of Contract.

**E.    Plaintiffs Have Sufficiently Pleaded the Fraud and Negligent Misrepresentation Based Claims (Second and Third Causes of Action).**

**1.    Plaintiffs Have Met the Pleading Standard for Fraud.**

The pleading standards for fraud are well-settled. A plaintiff must allege:

"(1) misrepresentation of a material fact; (2) knowledge of falsity (or "scienter") [or reckless disregard-see, CACI 1900]; (3) intent to defraud; (4) justifiable reliance on the misrepresentation; and (5) resulting damage. Lazar v. Super. Ct., 12 Cal. 4th 631,638 (1996)."

However, plaintiffs need not provide detailed allegations of fraud. Less specificity is required when it appears from the nature of the allegations that the defendant must necessarily possess full information concerning the facts of the controversy. See, Bradley v. Hartford Acc. & Indem. Co. (1973) 30 Cal.App.3d 818, 825; "[e]ven under the strict rules of common law pleading, one of the canons was that less particularity is required when the facts lie more in the knowledge of the opposite party...." Turner v. Milstein (1951) 103 Cal.App.2d 651, 658.

In this case, defendants offered a loan modification program to the plaintiffs that defendants knew or should have known was destined to fail, and did so as a part of a calculated

business plan. Plaintiffs relied to their own detriment on the numerous verbal and written material representations made by defendants and their employees/agents regarding the suitability of a loan modification, and whether plaintiffs actually qualified for such a modification. Defendants, at worst expressly, and at least negligently, continued to allow plaintiffs to rely on these misrepresentations while also pursuing concurrent foreclosure actions against plaintiffs. This conflicting conduct seemingly demonstrates defendants' intent to mislead and obfuscate the true nature of defendants' actions from plaintiffs, who in the end, were denied a permanent loan modification and suffered a resulting foreclosure of their home. *SAC* pg. 4 ¶ 11,14,17..

The main question in this case is if plaintiffs were not defrauded into believing that the loan modification was going to become a reality, why would they purposely stop making payments on their original loan and allow their original loan to become delinquent when they had been current in payments up until the time defendants approached them regarding a loan modification? It was only because of defendants' misrepresentations and fraudulent actions that plaintiffs were induced to stop payment and enter the loan modification process at all.

### 2.     Defendants' Misrepresentations Regarding Loan Modification.

Based on various phone calls and written communications with plaintiffs, defendants led plaintiff to believe that they were, in fact, working with them to try to work out a loan modification, and that no foreclosure action would be taken against their home. Because of defendants' conduct in accepting plaintiffs' trial modification payments of $1,227.42 for the months of June, July and August, defendants gave plaintiffs every indication that they would modify plaintiffs' loan. As a result of defendants' conduct and in reliance on these representations, plaintiffs were damaged in that they continued to make payments believing that they would be receiving a new loan modification or other type of program. *SAC* pg. 5 ¶ 20,21.

This conduct as pleaded in the Second Amended Complaint is sufficient to show that the defendants' communications to the plaintiffs were, at the very least, made with reckless disregard for the consequences of those communications to the plaintiffs. Furthermore, it was reasonable for plaintiffs to rely on defendants' on-going written communications and verbal representations believing that a loan modification was imminent. As a result, plaintiffs have sufficiently stated a claim for fraud and negligent misrepresentation.

**F.      Plaintiffs Have Sufficiently Pleaded the Claims Based on Promissory Estoppel (Fourth Cause of Action).**

To state a claim for promissory estoppel, plaintiffs must plead: (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance.  U.S. Ecology, Inc. v. State of Cal., 129 Cal. App. 4th 887, 901 (2005).

Here, plaintiffs have properly pleaded facts sufficient to support their claim for promissory estoppel.  Plaintiffs have alleged that defendants not only promised not to foreclose on their property while plaintiffs were making payments pursuant to the plan, but also that plaintiff's payment of the trial loan modification amounts led them to reasonably believe that the modification would be forthcoming.  Plaintiffs further reasonably relied on these promises and continued to pay the monthly amount under the trial plan instead of the regular monthly mortgage amount. *SAC* pg. 5 ¶ 20, 21.  Plaintiffs lost money, time and suffered foreclosure of their home as a direct result of defendants' actions.  Therefore, plaintiffs have properly pleaded a cause of action for promissory estoppel and defendants' Motion to Dismiss should be denied.

**G.      Plaintiffs Have Sufficiently Pleaded a Cause of Action for Conversion (Fifth Cause of Action).**

The essential elements of a conversion action are "the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages. It is not necessary that there be a manual taking of the property; it is only necessary to show an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use."  Shopoff & Cavallo LLP v. Hyon (2008).

Here, plaintiffs have alleged that defendant wrongfully interfered with plaintiff's interests in the three monthly payments each in the amount of $1,227.42 by using such payments to pay for property tax and insurance premiums associated with the property instead of applying such sums to the principle and/or interest of the loan amount.  Defendants have taken money from plaintiffs which was intended to be credited towards the principal of the loan and instead have wrongfully applied the funds towards property tax and insurance.  As a result, defendants have deprived

plaintiffs of their interest in the money because defendants have essentially pocketed the money and used it for their own purpose.

**H.     Plaintiffs Have Sufficiently Pleaded a Cause of Action for Violation of Business and Professions Code § 17200, et seq., or § 17500, et sq. (Sixth and Tenth Causes of Action).**

**1.     Plaintiffs have Standing to Pursue Their Claims for Violation Business and Professions Code § 17200 and § 17500.**

Defendants claim that plaintiffs lack standing to pursue their claims for violation of the UCL and the False Advertising Law ("FAL") because plaintiffs have not lost money or property as a result of the alleged unfair practice. This assertion misstates California law. Recently, the California Supreme Court defined the standing requirement under UCL law.

> "A restitution order against a defendant thus requires both that money or property have been lost by a plaintiff, on the one hand, and that it have been acquired by a defendant, on the other. [*cite*] But the economic injury that an unfair business practice occasions may often involve a loss by the plaintiff without any corresponding gain by the defendant, such as, for example, a diminishment in the value of some asset a plaintiff possesses. [*cite*] Such injuries satisfy the plain meaning of section 17204's 'lost money or property' requirement, qualify as injury in fact, and would permit a plaintiff to seek an injunction against the offending business practice even in the absence of any basis for restitution. Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 336-37, 246 P.3d 877, 895 (2011)."

Here, plaintiffs paid defendants considerable money to, what plaintiffs were led to believe, apply for, maintain, and complete the modification of their existing mortgage. These claims constitute loss of money or property sufficient to support plaintiffs' claim for relief under B & P Code §17200 and §17500.

**2.     Plaintiffs Have Pleaded Predicate Acts in Violation of Business and Professions Code §17200.**

California law prohibits unfair competition, defined as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "By proscribing 'any unlawful' business

practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co. (1999) 20 Cal. 4th 163, 180 (quoting Cal. Bus. & Prof. Code § 17200).

Here, there are no grounds for granting defendants' Motion to Dismiss plaintiffs' cause of action for unfair business practices. To sustain a claim for unfair competition, a Complaint must include facts from which it can be determined the Defendant acted unfairly, fraudulently, or unlawfully. CA Business & Professions Code § 17200 ("B&P Code"); see Lazar v. Hertz Corp. (1999) Cal. App. 4th 1494, 1505- 06; Hewlett v. Squaw Valley Ski Corp. (1977) 54 Cal. App. 4th 499, 517 (superseded on other grounds).

As set forth in detail above, plaintiffs' Second Amended Complaint has alleged several unlawful predicate activities that will support their claim for unlawful competition. These include the intentional misrepresentation that plaintiffs qualified for a modification and that the modification would be forthcoming. The unfair competition law's scope is broad. Unlike the Unfair Practices Act, it does not proscribe specific practices. Rather, it defines "unfair competition" to include "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Its coverage is "sweeping, embracing . . .anything that can properly be called a business practice and that at the same time is forbidden by law." Rubin v. Green (1993) 4 Cal. 4th 1187, 1200. It governs "anti-competitive business practices" as well as injuries to consumers, and has as a major purpose "the preservation of fair business." Barquis v. Merchants Collection Assn., supra, 7 Cal. 3d at p. 110; see also People v. McKale (1979) 25 Cal. 3d 626, 631-632 ; People ex rel. Mosk v. National Research Co. of Cal. (1962) 201 Cal. App. 2d 765, 771.

**3.     Plaintiffs Have Sufficiently Pleaded Monetary Damages As a Result of Defendants' Violation of Business & Professions Code § 17200.**

Plaintiffs have sufficiently pleaded damages as required by B&P § 17204.  As set forth in detail above, Plaintiffs have pleaded that they paid three payments of $1,227.42, and subsequently were forced into foreclosure of their home.  These monetary costs and loss of property damages constitute "injury in fact [or] lost money or property as a result of [the alleged] unfair competition." Shulz v. Neovi Data Corp, 152 Cal. App. 4th 86, 92 (2007).

### I. Plaintiffs Have Sufficiently Pleaded a Claim for Violation of California Civil Code § 1785.1 et seq. (Seventh Cause of Action).

Here, the defendants knowingly and/or negligently induced the plaintiffs to stop making timely payments on their original loan in the false hope that a permanent loan modification would be made to assist the plaintiffs. Once plaintiffs became delinquent in their payments on that original loan, defendants moved to place the plaintiffs' home into foreclosure proceedings and reported the delinquent payments and defaulted loan to credit reporting bureaus. As a direct result, plaintiffs' credit rating was substantially damaged. *SAC* pg. 6 ¶ 29. Defendants knew or should have known that any delinquent payment or default by plaintiffs was the direct result of the actions of defendants themselves who had induced plaintiffs to act as they did.

### J. Plaintiff Has Sufficiently Pleaded Actionable Causes of Action to Support their Claim of Unjust Enrichment (Eighth Cause of Action).

Defendants have not only had the privilege of collecting plaintiff's slightly modified "trial modification" mortgage payments, and they have also collected government monies and insurance monies as a result of forcing plaintiffs into foreclosure of their home. Furthermore, none of the money that plaintiffs paid towards her mortgage went to the principle. It was all collected in an account so the bank could cover its foreclosure costs.

### K. Defendants Are Not Exempt Under the Mortgage Foreclosure Consultant Act (Ninth Cause of Action).

Defendants contends that it is exempt under the Mortgage Foreclosure Consultant Act because it is a bank that holds or is owed an obligation secured by a lien on property. As alleged in the Complaint, BAC Home Loan Services is an independent company that represented to plaintiffs that it would perform the loan modifications. They were separate from Bank of America and responsible for processing loan modification applications. As a result, BAC Home Loan Services does not fall within the exempt entities under the Mortgage Foreclosure Consultant Act. Furthermore, Civ. Code § 2945.1(a)(6) only excludes a person who holds or is owed an obligation secured by a lien on any residence in foreclosure when the person performs services in connection with this obligation or lien. BAC's conduct in soliciting loan modification under the HAMP

program is not a service in connection with Plaintiffs' loan, but an entirely separate service unrelated to the terms of the original loan. "California Civil Code § 2945, et seq., governs foreclosure consultants dealings with real property owners." Onofrio v. Rice, 55 Cal.App.4th 413, 422, 64 Cal.Rptr.2d 74 (1997). "Section 2945 requires foreclosure consulting contracts to be in writing, and is intended, inter alia, to 'safeguard the public against deceit and financial hardship... prohibit representations that tend to mislead and ... encourage fair dealing in the rendition of foreclosure services.'" Onofrio v. Rice, 55 Cal.App.4th 413, 422, 64 Cal.Rptr.2d 74 (1997). "Section 2945 is to be 'liberally construed to effectuate' its intent and purpose, and provides for civil and criminal penalties for violations of its provisions. Onofrio v. Rice, 55 Cal.App.4th 413, 422, 64 Cal.Rptr.2d 74 (1997). Clearly, the allegations, as stated in plaintiffs' Second Amended Complaint sufficiently plead violation of the Mortgage Foreclosure Consultant Act.

**2.     Defendants Violated 15 U.S.C. § 1681 (Fair Credit Reporting Act) (eleventh Cause of Action).**

Here, plaintiffs have sufficiently pleaded facts to support their claim for the false reports defendants made to various credit reporting bureaus. The delinquent payments and related loan default were all fraudulently induced by defendants' direct actions, and they further compounded the damage by falsely reporting these items to said credit bureaus.

In this case, plaintiffs have alleged that defendants did not notify the plaintiffs at any time that plaintiffs did not qualify for a loan modification and that since the loan was still in default, that there would be adverse action taken against them, including reporting such delinquency to credit bureaus. Furthermore, defendants knowingly made false reports to credit report bureaus that plaintiff was in default of such loan while not providing plaintiffs with notice of same. *SAC* pg. 6 ¶ 29.

Defendants knew, or should have known, that the credit information was inaccurate, and that plaintiffs were the subject of the credit report. As a result, plaintiffs have sufficiently pleaded a cause of action for the false credit report.

**L.     Conclusion**

- 10 -

For the foregoing reasons, plaintiffs respectfully request that defendants' Motion to Dismiss the Second Amended Complaint be overruled or, in the alternative, if sustained, plaintiffs be granted leave to amend.

                Respectfully submitted,

                THOMAS BUSINESS LAW GROUP, PC

                By: \_/s/ Stephen J. Thomas\_\_\_\_
                    Stephen J. Thomas
                    Attorneys for Plaintiffs

DATED: February 11, 2014

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 17800 Castleton Street, Suite 657, City of Industry, CA 91748.

**On February 11, 2014, I served the foregoing document described as PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT (SAC) AND REQUEST FOR PUNITIVE DAMAGES** on the interested parties in this action as set forth on the attached service list in the following manner:

| | |
|---|---|
| Justin D. Balser, Esq. | Claire Dossier, Esq. |
| AKERMAN LLP | AKERMAN LLP |
| 725 Figueroa Street, 38th Floor | 1400 Wewatta Street, Suite 500 |
| Los Angeles, CA 90017 | Denver, CO 80202 |
| Justin.balser@akerman.com | Ashley.calhoun@akerman.com |

(X)     **BY CM/ECF ELECTRONIC FILING**
I caused the above document to be transmitted to the addresses listed above by electronic mail at the e-mail addresses set forth above pursuant to Fed.R.Civ.P.5.(d)(1).

( )     **BY MAIL**
I am familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service on the same day in the ordinary course of business pursuant to Code of Civil Procedure §1013a. I am aware that on a motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

( )     **BY PERSONAL SERVICE**
I caused a true copy of said document(s) to be hand-delivered to the addressee(s) via a California registered process server pursuant to Code of Civil Procedure §1011.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on February 11, 2014 at City of Industry, California.

/s/ Stephen J. Thomas_____